No. 13-55891

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JOSE SIERRA, an individual on behalf of himself
and on behalf of all persons similarly situated,

*Plaintiff-Appellant*,

v.

OAKLEY SALES CORP., a corporation,

*Defendant-Appellee.*

On Appeal from the U.S. District Court
for the Central District of California
in Case No. 8:13-cv-00319-AG-JPR (Guilford, J.)

**MOTION OF THE CHAMBER OF COMMERCE
OF THE UNITED STATES OF AMERICA AND
RETAIL LITIGATION CENTER, INC. FOR LEAVE
TO FILE BRIEF AS *AMICUS CURIAE* OUT OF TIME**

Pursuant to Federal Rules of Appellate Procedure 29(b) and (e), the Chamber of Commerce of the United States of America and Retail Litigation Center, Inc. respectfully request leave to file the accompanying *amicus* brief out of time. The Plaintiff-Appellant in this case challenges the district court's ruling that his claim under

California's Private Attorney General Act of 2004, by which he seeks to represent a group of aggrieved employees in challenging alleged wage-and-hour violations by his employer, must be resolved by arbitration on an individual basis in accordance with his employment agreement. The *amici*'s participation in this appeal is desirable and will aid the Court's disposition of this appeal because, as discussed below, *amici* and their counsel have extensive experience in cases involving the enforceability of arbitration agreements in employment contracts and can offer the broad perspective of *amici*'s members—many of whom are major employers in California—on these issues.

Because the district court's decision in this matter is not available on Westlaw or LexisNexis and was not otherwise brought to *amici*'s attention by the parties or the legal press, *amici* were not aware of this case until well after the time ordinarily allotted for the filing of *amicus* briefs had passed.[1] Counsel for the *amici* have worked diligently to

---

[1] Counsel for the *amici* learned of this case upon encountering the Appellee's Brief and the Reply Brief on Westlaw while working on another matter. *See* 2014 WL 1319646 (Appellee's Brief); 2014 WL 2158919 (Reply Brief). The Westlaw entries do not indicate when these briefs were first posted. It appears that the Appellant's Brief has not been posted to Westlaw and, like the district court's decision, is available only via PACER.

prepare and submit the accompanying brief for the Court's consideration as expeditiously as possible.

Pursuant to Ninth Circuit Rule 29-3, *amici* are authorized to state that the Defendant-Appellee consents to this filing, but the Plaintiff-Appellant does not consent.[2]

## INTEREST OF THE *AMICI CURIAE*

The Chamber of Commerce of the United States of America is the world's largest business federation, representing 300,000 direct members and indirectly representing the interests of more than three million companies and professional organizations of every size, in every industry sector, and from every region of the country. The Chamber represents the interests of its members in matters before the courts, Congress, and the Executive Branch. To that end, the Chamber regularly files *amicus curiae* briefs in cases that raise issues of vital concern to the Nation's business community, including cases like this one that involve the enforceability of arbitration agreements under the FAA.

---

[2] Pursuant to Federal Rule of Appellate Procedure 29(c)(5), *amici* affirm that no counsel for a party authored this brief in whole or in part and that no person other than the *amici*, their members, or their counsel has made any monetary contributions intended to fund the preparation or submission of this brief.

The Retail Litigation Center, Inc. is a public policy organization that identifies and engages in legal proceedings which affect the retail industry. The RLC's members include many of the country's largest and most innovative retailers. The member entities whose interests the RLC represents employ millions of people throughout the United States, provide goods and services to tens of millions more, and account for tens of billions of dollars in annual sales. The RLC seeks to provide courts with retail-industry perspectives on important legal issues and to highlight the potential industry-wide consequences of significant pending cases.

Many of the Chamber's and RLC's members and affiliates regularly include arbitration agreements in their contracts because arbitration allows them to resolve disputes quickly and efficiently while avoiding the costs associated with traditional litigation. Arbitration is speedy, fair, inexpensive, and less adversarial than litigation in court. Relying on the legislative policy reflected in the Federal Arbitration Act (FAA) and the U.S. Supreme Court's consistent endorsement of arbitration for the past half-century, Chamber and RLC members have structured millions of contractual relationships around arbitration agreements.

These agreements typically require that arbitration be conducted on an individual, rather than a class or collective, basis. Collective resolution of claims on an aggregate basis is incompatible with arbitration as envisioned by the FAA and lacks the simplicity, informality, and expedition that are characteristic of arbitration. The district court below correctly held that the named plaintiff's arbitration agreement is valid, irrevocable, and enforceable as a matter of federal law, and that his claim under California's Private Attorney General Act of 2004 (PAGA) for alleged wage-and-hour violations must therefore be resolved through arbitration on an individual basis. If that decision were overturned, it would frustrate the intent of contracting parties, undermine their existing agreements, and erode the benefits of arbitration as an alternative to litigation. The Chamber and RLC therefore have a strong interest in this case.

## ARGUMENT

The *amici*'s participation in this appeal is desirable and will benefit the Court through *amici*'s broad perspective and extensive experience on arbitration issues. The Chamber and RLC regularly file briefs in cases addressing the enforceability of arbitration agreements

under the FAA, including *American Express Co. v. Italian Colors Restaurant*, 133 S. Ct. 2304 (2013); *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011); *Kilgore v. KeyBank, N.A.*, 718 F.3d 1052 (9th Cir. 2013) (en banc) (Chamber filed *amicus* brief and participated in oral argument); and *Iskanian v. CLS Transportation Los Angeles, LLC*, 327 P.3d 129 (Cal. 2014) (same).[3]

Moreover, *amici*'s outside counsel has deep familiarity with issues relating to the enforceability of arbitration provisions under the FAA. Most pertinently, *amici*'s lead counsel, Andrew Pincus, argued *Concepcion* (on behalf of the petitioner) and *Iskanian* (on behalf of the Chamber as *amicus curiae*), and he was counsel of record for one of the petitioners in *Marmet Health Care Center, Inc. v. Brown*, 132 S. Ct. 1201 (2012). The decisions in *Concepcion*, *Iskanian*, and *Marmet* are at the heart of *amici*'s submission in this case and will likely be a focus of the Court's deliberations. Mr. Pincus has also prepared briefs in numerous other cases addressing the implications of *Concepcion* and the enforceability of arbitration agreements under the FAA, including

---

[3] The Chamber's most recent briefs in arbitration cases are available at http://www.chamberlitigation.com/cases/issue/arbitration-alternative-dispute-resolution.

*Kilgore*, which he briefed and argued before an *en banc* panel of this Court on behalf of the Chamber as *amicus curiae*.

*Amici* are aware that the time ordinarily allotted for filing *amicus* briefs in this case has passed. In this instance, however, *amici* were not aware of the pendency of this matter until after the ordinary time for filing *amicus* briefs had passed. Upon learning of this matter, counsel for the *amici* worked diligently to prepare and submit the accompanying brief for the Court's consideration as expeditiously as possible.

*Amici* represent that the accompanying brief is submitted in good faith to ensure that the important legal issues before the Court are thoughtfully presented for the Court's consideration. *Amici* further submit that accepting the proposed *amicus* brief for filing will not unduly delay the ultimate disposition of this matter, especially when this appeal has not yet been scheduled for oral argument, and will not unfairly prejudice the parties, because Federal Rule of Appellate Procedure 29(e) provides for the opposing party (here, plaintiff-appellant) to be afforded an opportunity to respond if the Court accepts the proposed brief for filing.

## CONCLUSION

The Court should grant leave to file the accompanying *amicus* brief and should direct the Clerk to accept the proposed brief for filing.

Dated: October 28, 2014

Respectfully submitted,

/s/ *Andrew J. Pincus*

Kate Comerford Todd
Tyler R. Green
U.S. CHAMBER LITIGATION
   CENTER, INC.
1615 H Street, N.W.
Washington, DC 20062
(202) 463-5337

Andrew J. Pincus
Archis A. Parasharami
Scott M. Noveck
MAYER BROWN LLP
1999 K Street, N.W.
Washington, DC 20006
(202) 263-3000

*Counsel for* Amici Curiae *the Chamber of Commerce of the United States of America and Retail Litigation Center, Inc.*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on October 28, 2014. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ *Andrew J. Pincus*
Andrew J. Pincus
*Counsel for* Amici Curiae